GARWOOD, Circuit Judge,
specially concurring.
I concur in the result. I join in that portion of the opinion dealing with obstruction of justice. I also join in most of the opinion respecting abuse of position of trust. The undisputed evidence shows as a matter of law that Miller fraudulently represented that the medical certificates of necessity were genuine, when in fact they were fraudulent as she well knew and were fraudulently provided to Miller by the doctor signing them. I believe this is sufficiently analogous to the situations described in application note 3 to § 3B1.3 U.S.S.G. to warrant application of this enhancement. I would not go beyond that.[1]

. The evidence shows that due to the volume of claims Texas Medicaid makes no investiga *153 lion or specific reliance with respect to any of these claims, but simply pays them if they are facially in order. That is essentially all that the Medicaid representative’s testimony shows. But the Medicaid system does require that there be a physician’s certificate of medical need. No such judgment by the provider is called for. United States v. Gieger, 190 F.3d 661 (5th Cir.1999), is nol in point. It involved a situation where the regulations did not call for a certificate by a physician, and the ambulance company had its paramedics and emergency medical technicians certify (fraudulently) that the patients were not ambulatory.